# Crissey *versus* Hestonville, Mantua and Fairmount Passenger Railway Company.

1. As a general rule a question of negligence is for the jury, especially if there be substantial doubt as to the facts or their inferences.

2. Negligence is dependent upon the circumstances of the case; and is for the jury where the measure of duty is not unvarying; a higher degree of care is demanded in some cases than in others and both the duty and its extent to be ascertained by facts.

3. Where negligence is concurrent a child will not be held to the same degree of care as an adult.

4. The plaintiff, thirteen years of age, with a companion of same age, signalled a street car, got on the front platform without objection from the driver or conductor and paid their fare. After riding for a considerable distance, plaintiff said he was going to get off, the driver "slacked up," but did not stop; in getting off plaintiff was injured. Whether he had been guilty of negligence was for the jury.

5. Whether permitting the plaintiff to stand on the front platform and get off from it were negligence, and proper care was exercised in not stopping the car sooner, was for the jury.

6. It is the duty of a railway company to cause its cars to come to a full stop for passengers to get off.

January 8th 1874. Before AGNEW, C. J., SHARSWOOD and MERCUR, JJ.

Error to the District Court of *Philadelphia*: No. 184, to January Term 1872.

This was an action on the case, brought to December Term 1870 of the court below, by Edwin Crissey, by his next friend, &c., against The Hestonville, Mantua and Fairmount Passenger

Railway Company. The cause of action alleged was the negligence of the defendants' servants, by which the plaintiff, a boy of about thirteen years of age, fell from one of their cars and was seriously hurt.

The case was tried May 5th 1871, before Thayer, J.

The evidence was as follows :—

The plaintiff testified : " On the afternoon of November 6th 1870, another boy, named John Stewart, and myself stood at Thirteenth and Vine streets waiting. One of defendants' cars came along and we signalled the driver. He slacked up to receive us, and we got on the front platform. We stood on the front platform, by the side of the driver, all the way out to Forty-first street and Lancaster Avenue. I then said to John Stewart, who stood next to the driver, ' I'm going to get off here.' I spoke loud enough for the driver to hear. The horses were going at a slow trot, and I stepped off. I took hold of the dasher with one hand and the iron on the car with the other. As I stepped off my foot slipped, and I held on as long as I could. I dragged two or three yards holding on, and the front wheel ran over my foot before the car stopped, and I was holding on trying to save myself. · The conductor was on the back platform. While we were going out he came to me and collected my fare. Neither he nor the driver offered us a seat, nor told us to go inside. They did not tell us that we· ought not to stand on the front platform, or that it was dangerous there. I was then thirteen years old. There were no fenders or gates on the front platform ; nothing to prevent us from getting on or off the front platform. My foot gave me much pain, and I was prevented from work for eleven weeks."

On cross-examination : " When I said to John Stewart, ' I'm going to get off here,' I meant at that spot, not at the depot. We were then two or three times the length of this room from the depot. John Stewart stood between the driver and me. I did not ride on the step. I did not ask the driver to let me off."

John Stewart testified : " I was the companion of Edwin at the time of the accident. We both rode out on the front platform. At Forty-first and Lancaster Avenue he said to me, ' I'm going to get off here.' I stood by the side of the driver and heard what he said. He spoke loud enough for the driver to hear. The car slacked up. There was a crossing where we wanted to get off. The depot was about 100 yards off. I saw Edwin step off. He fell, and held on to the iron thing, and the wheel ran over his foot. Nothing had been said to us about getting off the front platform, or standing on it. No one asked us to take a seat. We rode all the way outside. I am thirteen years old."

The plaintiff submitted a number of points, which were refused.

The court charged : " That there was not sufficient evidence of negligence on the part of the defendants to entitle the plaintiff to

recover, and that there was evidence of contributory negligence on the part of plaintiff, and that upon the evidence the verdict should be for the defendants."

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned for error the refusal of the points and the charge.

*W. H. Sutton*, for plaintiff in error.—The slightest omission of care by a carrier of passengers renders him liable for injury which may result: Tennery v. Pippinger, 1 Phila. R. 543; Laing v. Colder, 8 Barr 492; Meier v. Penna. R. R., 14 P. F. Smith 230. An injury to a passenger presumes want of care: Railroad v. Norton, 12 Harris 466. Where negligence is concurrent, the same rule will not apply to children as to adults; the question as to the relative degree of care is for the jury: Reading R. R. v. Spearen, 11 Wright 300; Smith v. O'Connor, 12 Id. 222; Rauch v. Lloyd, 7 Casey 370; Glassey v. Railway, 7 P. F. Smith 174; Penna. R. R. v. Bentley, 16 Id. 30; Railroad v. McClurg, 6 Id. 294; Shearman & Redfield on Negligence, 13–15, 310, 339.

*H. Hazlehurst* (with whom was *I. Hazlehurst*), for defendants in error.—Where the facts are not disputed the question of negligence is a legal inference. Ordinary care, reasonable time and probable cause, the facts being established or proved, are questions of law to be decided by the court: Biles v. Holmes, 11 Ired. Law Rep. 16; Heathcock v. Pennington, Id. 640; Herring v. Will. R. R. Co., 10 Id. 402; Dascomb v. R. R. Co., 37 Barb. 221; Purvis v. Coleman, 1 Bosw. 321; Weidler v. Farmers' Bank, 11 S. & R. 134; Catawissa R. R. v. Armstrong, 2 P. F. Smith 286. A plaintiff, claiming damages for negligence, must make out a case resulting *exclusively* from defendant's negligence: Waters v. Wing, 9 P. F. Smith 212; Railroad Co. v. Norton, 12 Harris 465; Heil v. Glanding, 6 Wright 493.

It is not necessarily negligent for a passenger to ride upon the platform of a car: Meesel v. Lynn R. R. Co., 8 Allen 234; Willis v. Long Isl. R. R. Co., 32 Barb. 397; Clark v. R. R. Co., Id. 657; Colegrove v. R. R. Co., 6 Duer 382; Shearman & Redfield Neg. 284 and 326.

Stepping on or off a car of any kind while in motion is almost always considered to be negligence, and it must be a very peculiar case in which a passenger can recover for an injury suffered under such circumstances: Shearman & Redfield on Neg. 281, 319; Lucas v. Taunton, 6 Gray 64; Nichols v. Sixth Avenue Railway Co., 38 N. Y. 131; Willis v. Long Isl. R. R. Co., 32 Barb. 404. As to the plaintiff's infancy: Hughes v. Macfie, 2 H. & C. 744; Mangan v. Atterton, Law Rep. 1 Ex. 239; Shear. & Red. Neg. 53, § 49.

[Crissey v. Hestonville, &c., Passenger Railway Co.]

The opinion of the court was delivered, January 26th 1874, by

MERCUR, J.—The first assignment of error is not according to the rules. All the other assignments are to the charge of the court, and will be considered together. As a general rule a question of negligence must be submitted to the jury. It should be where there is any substantial doubt as to the facts, or to the inferences to be drawn from them: Pennsylvania R. R. Co. v. Barnett, 9 P. F. Smith 259; Johnson v. Bruner, 11 Id. 58; McKee v. Bidwell, 24 Id. 218.

There is no absolute rule as to what constitutes negligence. It is dependent upon the particular circumstances of the case. Where the measure of duty is not unvarying; where a higher degree of care is demanded under some circumstances than under others; where both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proven: McCully v. Clarke et al., 4 Wright 406; Pennsylvania Canal Co. v. Bentley, 16 P. F. Smith 30. Where the measure of duty is ordinary and reasonable care, it is always a question for the jury: West Chester & Philadelphia R. R. Co. v. McElwee, 17 P. F. Smith 311. Where negligence is concurrent, a child will not be held to the exercise of the same degree of care and discretion as an adult: Rauch v. Lloyd et al., 7 Casey 358; Pennsylvania R. R. Co. v. Kelly, Id. 372; Smith v. O'Connor, 12 Wright 218; Oakland Railway Co v. Fielding, Id. 320; Glassey v. H., M. & F. Passenger R. R. Co., 7 P. F. Smith 172; Kay v. Pennsylvania R. R. Co., 15 Id. 269.

Now let us apply the law to the facts in this case. The plaintiff was a child of the age of thirteen years. He and his companion, a boy of the same age, signalled the driver as the defendants' car crossed Thirteenth street. The car was slackened to receive them; they stood there by the side of the driver all the way out to Forty-first street and Lancaster Avenue. No objection was made by either the driver or conductor to their riding there; neither of them requested the plaintiff to step inside of the car; the conductor came to him and collected his fare; at Forty-first street and Lancaster Avenue, the plaintiff said to his companion in a voice sufficiently loud for the driver to hear, "I am going to get off here." The speed of the car was thereupon slackened; the plaintiff took hold of the dasher with one hand, and the iron on the car with the other, and stepped off; the car continued in motion; the plaintiff's foot slipped; he retained his hold to save himself; he was dragged two or three yards, and until the front wheel ran over his foot, causing the injury of which he complains. There was a crossing in the street where he desired to get off.

In view of the plaintiff's age, we think this evidence should have been submitted to the jury; the jury should have determined whether the plaintiff had been guilty of negligence. He should be

[Crissey v. Hestonville, &c., Passenger Railway Co.]

held to the exercise of that degree of care and discretion ordinarily to be expected of a child of his age, neither more nor less : Smith v. O'Connor, *supra*. So in regard to the defendants' alleged negligence. As the plaintiff was suffered to stand upon and get off from the front platform, it should have been submitted to the jury to find whether the defendants, under all the facts, exercised proper care in not sooner stopping the car. It is the duty of a railway company to cause its cars to come to a full stop, to permit a passenger to get off. Whether the defendants properly discharged this duty with a due regard to the age of the plaintiff, and of the notice of plaintiff's desire to leave the car, should have been left to the jury. We think the learned judge erred in directing that the verdict should be for the defendants. The errors are sustained.

Judgment reversed, and a *venire facias de novo* awarded.