# Philadelphia, Baltimore and Wilmington R. R. Co. *versus* Layer.

1. A train on a street crossing about to start is notice to the world that it should not be crossed, only when notice of starting has been given to the world. So where a child of tender years, in this case six or seven years, tried to cross a street covered by a train of cars about to start, by passing between two cars, in this case coupled by a coupling pole twelve to fourteen feet in length, it was the duty of the railroad company to give him notice of the starting of the train.

2. Negligence is the absence of care under the circumstances. Whether or not the railroad company was guilty of negligence under all the circumstances of this case was a question of fact, which was properly submitted to the jury for their determination.

3. A child's capacity is the measure of his responsibility. If he has not the ability to foresee and avoid danger, negligence will not be imputed to him.

4. Whether or not an attempt on part of an adult person to cross over or under a train of cars covering the crossing of a public street, in case of injury, is negligence *per se*, or merely evidence of negligence, not decided.

March 22d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term, 1885, No. 425.

Trespass on the case by Clarence William Layer by his next friend and father, William Henry Layer, against the Philadelphia, Wilmington and Baltimore Railroad Company, to recover damages for injuries sustained by him by reason of the alleged negligence of the said railroad company in running their cars. Plea, not guilty.

The facts, as they appeared on the trial before PEIRCE, J., are set out in the opinion of the Supreme Court.

The defendant presented the following points:

1. It being conceded that the child crossed between the cars, taking hold of the coupling just as the train started, there was no duty of the defendant to it, and the verdict should be for the defendant.

Ans. I decline to so charge.

2. When a train covers, in part, a crossing while on a journey, no one has a right to pass under it at any point. It is the duty of all to stop or go around, and the defendant had a right to presume that this duty would be performed, and the verdict should be for the defendant.

Ans. I affirm this so far as it relates to a train actually in

motion.   I will qualify it to read, "When a train covers a
crossing and is actually in motion, it is illegal for one to cross
between its cars, and while it is not in motion it is illegal for
any one capable of contributory negligence to cross," except
in case of a child of tender years, who is not capable of con-
tributory negligence, and if you find the plaintiff crossed, or
attempted to cross, while the cars were in motion, the verdict
in such case should be for the defendant.   That would be a
presumption and point of law certainly well taken with re-
spect to an adult, as one capable of contributory negligence.
In this case it is qualified by a want of capability of contribu-
tory negligence, if the cars were not in motion when the
plaintiff attempted to cross.

Verdict for the plaintiff for $10,000.

A rule for a new trial was granted which was discharged,
the court making the following order: Rule for new trial dis-
charged on plaintiff filing release of all above $7,500 within
ten days, or on declining so to do, the rule for the new trial
to be made absolute.

Pursuant to the order of court made, plaintiff, by his next
friend, W. Henry Layer, released all of the verdict above
$7,500 with like effect, as if the verdict had been for plaintiff
in the sum of $7,500 when rendered.

Judgment was thereupon entered, whereupon the defendant
took this writ, assigning for error the answer of the court to
the above points.

*David W. Sellers*, for plaintiff in error.—Neglect of duty
cannot be averred, because the hurt child was incapable of
contributory negligence.   The fallacy in the instructions of
the trial judge arose in supposing that care on the part of the
defendant became negligence if a child did that which, in the
case of an adult, would be reckless folly.

In cases where injury occurred to a child who passed in
front of train the measure of duty is modified by the min-
ority, but where the injury is in rear of engine, without
actual knowledge being brought to the engineer of the special
circumstances, minority is irrelevant: Railroad v. Morgan,
1 Norris, 139; Railroad v. Heil, 5 W. N. C., 91.   No duty
was owing to this boy: Railroad v. Schwindling, 12 Id., 349.

Passing beneath a car while all the men in charge of the
train were at their places, and just as the train started, as the
point refused conceded, left no duty on the railroad servants
to this child.   It was just as though the boy had been told to
get off the car (Cauley v. Railroad, 14 Norris, 402), or had
been riding by an implied permission of a brakeman: Wood-
bridge v. Railroad, 9 Out., 460.

*Henry C. Terry*, for defendant in error.—The learned counsel for the defendant admitting that contributory negligence cannot be imputed to a child of tender years in an action by the child for a personal injury (North Penna. Co. *v.* Mahoney, 7 P. F. S., 187 ; Pittsburg & C. Pass. Railway Co. *v.* Caldwell, 24 Id., 421 ; Philadelphia &c. Railway Co. *v.* Hazard, 25 Id., 367), seeks to distinguish the present case by the propositions presented in his two points, the answers to which constitute the only assignments of error herein. These two points exhibit fairly the double theory upon which the case was tried below—the one theory being that the train which caused the injury to the boy Layer was about to start; the other being that the train was in motion when Layer attempted to pass under the projecting coupling pole.

The case now under consideration is readily distinguished from all the cases cited, but is on all-fours with Rauch *v.* Hill, 7 Casey, 358 ; Penna. R. R. Co. *v.* Kelly, Id., 372.

The length to which the protection of the public at railroad crossings has been carried is well illustrated by the very recent case of Penna. R. R. Co. *v.* Coon, 17 W. N. C., 137, and by Phila. & Reading R. R. Co. *v.* Troutman, 11 W. N. C., 453.

If we regard the case of the Penna. R. R. Co. *v.* Lewis (29 P. F. S., 33) as authority, even a trespasser may have some rights which a railroad company is bound to respect ; *a fortiori* as to a person who is on the roadway by permission. To hold otherwise would be but a poor comment on our civilization and upon the wisdom of this court :" R. R. Co. *v.* Horst, 16 W. N. C., 567 ; Id., *v.* James, 1 W. N. C., 68.

Mr. Justice CLARK delivered the opinion of the court, April 19th, 1886.

This action was brought by Clarence William Layer against the Philadelphia, Wilmington & Baltimore Railroad Company to recover damages for a personal injury received through the alleged negligence of the company. On the 30th December, 1881, the plaintiff, a child of six or seven years of age was walking up Second street, in the city of Philadelphia; when he came to Washington avenue, he found a train of freight cars of the defendant company extending along the avenue and covering the Second street crossing. One of the cars, loaded with long lumber, projecting over the bumper, was connected with the box car behind it by a beam of wood or coupling pole six inches or more in diameter, and from twelve to fourteen feet in length. A lad named Strause, a few minutes before the accident, had ridden upon this beam or pole across Second street ; and it appears that a company of other little boys had a drum on the north side of the train, and with

coats turned and faces blackened, were " New Years shooting."
Attracted, perhaps, by these boyish sports, the little boy Clar-
ence attempted either to follow the example of Strause, or
to pass under the train to join the masquerading party beyond.
Whatever may have induced the child to attempt the passage
under the train, it is certain that he entered the opening be-
tween the lumber car and the box car behind, and as he caught
hold of the coupling pole, which was directly over the street
crossing, the box car struck him and threw him upon the
track, and as he attempted to escape the impending danger,
his left hand and three fingers of his right hand were caught
and completely severed by the wheel.

There was considerable conflict in the evidence as to whether
or not the train, at the time the child attempted to pass under
the coupling of the cars, was in motion, or was standing upon
the street crossing. The jurors were very clearly instructed,
however, that if the train was in motion when the plaintiff
attempted to pass through it, their verdict must be for the de-
fendant; and as the jury found for the plaintiff, we must
assume that it was not in motion, but that it was standing
upon the crossing of Second street. The verdict is conclusive
upon this question of fact, and the second assignment of error,
which proceeded wholly upon the assumption that the train
was in motion, in consequence of the verdict becomes unim-
portant.

The single question for our consideration, therefore, is upon
the refusal of the court to affirm the defendant's first point,
which is as follows:

" It being conceded that the child crossed between the cars,
taking hold of the coupling just as the train started, there was
no duty of the defendant to it, and the verdict should be for
the defendant."

It may perhaps be conceded, in the language of the point,
that, when the child took hold of the coupling, the train was
just about to start, inasmuch as the train, at or near that in-
stant, actually did start; but we cannot say, as matter of law,
that, in the act of starting, there was no duty of the defendant
to this child.

Negligence has very often been defined to be the absence
of care under the circumstances. There was evidence in the
cause tending to show that the train was not only standing
upon the street, but that it had been standing there, as an ob-
struction to the crossing, for ten minutes; that several adult
persons, in the meantime, had crossed the avenue over or un-
der this coupling; that a score or more of children were at the
time playing in the street, on the north side of the train; that
one of these boys had actually ridden upon this pole across

2 AMERMAN—27

[Philadelphia, Baltimore and Wilmington R. R. Co. *v.* Layer.]

Second street; that this was a crossing of an important and much travelled street, in a densely populated portion of a great city, and in the immediate vicinity of a number of primary and secondary schools. It also appears that there were no gates or guards erected across Second street; no flagman stationed there; no brakeman at the crossing; and there is evidence that no whistle or other warning was given when the train was about to start. We do not say that the defendants were required to erect gates, or that flagmen should have been stationed at this point, but we do say that, under the circumstances of this case, in the absence of these useful precautions, it was not unreasonable to expect that some proper warning would be given of the starting of the train. Certainly, the defendant could not, in view of this evidence, call upon the court to instruct the jury, as a matter of law, that the company owed no duty to the public or to this child. It may be that the warning, if given, would not have been heeded by the child; but this does not dispense with the duty; the defendant cannot be relieved from liability on mere conjecture; if, after the exercise of due care by the company, the child had been injured, no responsibility would result. " A train about to start is notice to the world that it should not be crossed," only when notice of starting has been given to the world. Nor had the company any right to obstruct this crossing for an unreasonable time, if, by the exercise of proper care and diligence, it could be avoided; and whether the street was thus negligently and unnecessarily obstructed, was a fact bearing upon the question of the defendant's liability : Rauch *v.* Lloyd & Hill, 7 Casey, 372.

Whether or not, therefore, the defendant was guilty of negligence, in our opinion, was a question of fact to be determined upon a consideration of all the evidence. There was evidence, we think, from which that fact might be fairly inferred, and the determination of that question was properly submitted to the jury. The facts, as we have stated them, or some of them, were denied, but the veracity of the witnesses, the conflict in the evidence, and the preponderance of the proofs were also for the jury.

Whether or not an attempt on the part of an adult person to cross over or under a train obstructing the crossing of a public street, in case of injury, is negligence *per se*, or merely evidence of negligence, we are not called upon to decide; we are now considering the duties and responsibilities of the railroad company, with reference to a case where contributory negligence cannot be asserted. The plaintiff was, at the time of the injury, a child of tender years, without the experience and discretion which would enable him to understand the

dangerous character of the act which resulted in his injury. A child's capacity is the measure of his responsibility; if he has not the ability to foresee and avoid danger, negligence will not be imputed to him: Phila. Pass. R'w'y Co. v. Hazzard, 25 P. F. S., 367; Penna. Railroad Co. v. Kelly, 7 Casey, 372. He was not a mere trespasser; he had a right to pass along the highway; he was in the exercise of that right; being a mere child, he was not negligent. Hence the whole question turns upon the negligence of the company; if there was evidence on that point, the cause was properly submitted.

Judgment affirmed.