Reznor Manufacturing Company, Appellant, *v.*
Bessemer & Lake Erie Railroad Company.

*Evidence—Striking out evidence—Harmless error.*

1. In an action against a carrier, where a witness for the defendant in reply to a question as to the weather testifies that "our record showed that it was clear," and on cross-examination it appears that the witness had not made the record, the trial judge cannot be convicted of reversible error in refusing to strike out the testimony, where the plaintiff himself subsequently introduces the record in evidence in cross-examination of a witness for the defendant who had made the record.

*Trial—Charge of court—Mistake of judge—Correction of error—Duty of counsel.*

2. A party may not sit silent and take his chances of a verdict, and

then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless.

Argued Oct. 4, 1911. Appeal, No. 120, Oct. T., 1911, by plaintiff, from judgment of C. P. Mercer Co., Oct. T., 1908, No. 153, on verdict for defendant in case of The Reznor Manufacturing Company v. The Bessemer & Lake Erie Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Assumpsit against a common carrier. Before WILLIAMS, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were various rulings and instructions.

*W. C. Pettit*, with him *James D. Emery* and *E. H. Moore*, for appellant.

*Q. A. Gordon*, with him *Templeton, Orr & Whiteman* and *S. H. Miller*, for appellee.

PER CURIAM, January 2, 1912:

Gas stoves delivered by the plaintiff to the defendant, at Mercer, Pa., for shipment to Shreveport, La., were injured by rust when they reached the latter place. There was no evidence of negligence by the carrier, and the plaintiff's case rested on the bare presumption of the want of care, arising from the fact that the stoves were damaged in transit. This was met by affirmative proof that the stoves were placed in sound box cars and protected from dampness from any cause against which it was the duty of a carrier to provide and by testimony tending to show that the rust was caused by the condensation of moisture in the atmosphere in a change from a low to a high temperature. At the trial no question of law was decided adversely to the plaintiff, and the issue of fact was submitted with clear and adequate instructions,

Of the numerous assignments of error, which cover twenty-seven pages of the record, but few need be noticed. The car in which the stoves were shipped from Mercer was too large to pass through tunnels of the connecting roads, and at Cincinnati the stoves were transferred to a smaller car. The agent in charge of the transfer testified as to the care exercised in handling the stoves and was asked by the plaintiff's counsel what kind of weather it was. He replied, "Our record shows that it was clear." No objection was made to the question or answer. On cross-examination of this witness it appeared that he had not made the record and the court was asked to strike out his testimony in relation to the weather. This request was refused, and the refusal is assigned as error. It is unnecessary to consider whether the request should have been granted, because if there was error in refusing it, the plaintiff has no just ground of complaint. A witness subsequently called by the defendant testified that he made the record and without disclosing its contents used it to refresh his memory. On his cross-examination it was shown what the record contained and thus the entry on the record was made evidence by the plaintiff.

A number of the assignments of error relate to expressions in answer to points and in the general charge which it is argued limited the liability of the defendant to its own acts, and relieved it from liability for negligence of connecting carriers. In view of the course of the trial, these criticisms of the court are unfounded and unjust. The question of the liability of the defendant for the negligence of connecting carriers was not raised by the defendant; it was at least tacitly admitted and the jury was distinctly and repeatedly instructed that the defendant was liable for their negligence. If counsel were of opinion that the inadvertent use of the word "defendant" in referring to negligence, did not include the negligence of all carriers, the attention of the court should have been called to it before the jury withdrew, in order that if an erroneous impression had been conveyed by the use of the word it

might be corrected. "A party may not sit silent and take his chances of a verdict and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless:" Com. v. Razmus, 210 Pa. 609.

The judgment is affirmed.