## Frey, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Fires—Spark from locomotive — Contributory negligence—Failure to extinguish fire—Question for jury.*

1. If minds can reasonably differ as to whether an imperative duty arises under given conditions, the question becomes one of fact for the jury and not of law for the court. Whenever there is a substantial doubt as to the reasonable and natural inference to be drawn from undisputed facts the inference is for a jury.

2. In an action against a railroad company to recover damages for the destruction of timber by a fire alleged to have been caused by the defendant's negligent operation of one of its locomotives, the questions of defendant's negligence and plaintiff's con-

tributory negligence are for the jury where it appears that the locomotive passed by the timber land of plaintiff at a very rapid rate of speed, laboring heavily and emitting sparks or cinders, and that immediately after it passed fire was discovered not only on the plaintiff's land, but on either side of it along the railroad track; that there was no other apparent cause for the fire; and that at the time the fire started plaintiff was sitting on the porch of his house about a mile an l a quarter away and saw the smoke but did not go to the woods for the purpose of trying to extinguish the fire, giving as his reason that when he first saw the smoke he was not sure there was a fire; and that when he discovered it was not mere smoke the fire had then spread and it would have been useless for him to go there and try to put it out; where it further appeared that several railroad hands went to the fire immediately after it started and tried to put it out, but, with their number subsequently increased to over a hundred were unable to stay the burning.

3. In such a case it cannot be said that the only inference to be drawn from the plaintiff's failure to act is that he had failed to perform a duty which the law imposed upon him.

Argued Feb. 16, 1914. Appeal No. 271, Jan. T., 1913, by plaintiff, from order of C. P. Lycoming Co., March T., 1913, No. 204, refusing to take off nonsuit in case of George B. M. Frey v. The Pennsylvania Railroad Company. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Reversed.

Trespass to recover damages for burning of timber land. Before Whitehead, P. J.

The facts appear by the opinion of the Supreme Court.

The court below directed a nonsuit at the close of plaintiff's case which it subsequently refused to take off.

*Error assigned* was the refusal to take off nonsuit.

*T. M. B. Hicks,* with him *John J. Reardon,* for appellant.

*Seth T. McCormick, Jr.,* with him *Seth T. McCormick,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 16, 1914:

Appellant brought this action to recover damages for the destruction of timber by a fire alleged to have been caused by the appellee's negligent operation of one of its locomotives. At the close of plaintiff's testimony a nonsuit was entered, on the ground of his contributory negligence in failing to make an effort to extinguish the fire, and the refusal to take off that judgment is the error assigned on this appeal.

It is urged by counsel for appellee that, as there was no sufficient evidence of the defendant's negligence, the nonsuit was properly entered, without regard to what the court below deemed to be the contributory negligence of the plaintiff. In this we do not concur. One witness testified that a locomotive passed by the timber land of the appellant at a very rapid rate of speed, emitting sparks or cinders and that immediately after it passed fire was discovered not only on appellant's land, but on either side of it along the railroad track. Other witnesses stated that, as the locomotive passed along the track in the vicinity of appellant's land, at a high rate of speed, it labored heavily, emitted volumes of smoke and threw out cinders which were immediately followed by fires along the track. There was no other apparent cause for the fire than the sparks or cinders which came from defendant's locomotive, and, under the testimony submitted by the plaintiff, the question of the former's negligence was for the jury: Pennsylvania Company v. Watson, 81* Pa. 293; John Hancock Ice Company v. Perkiomen Railroad Company, 224 Pa. 74.

The learned trial judge correctly held that, under the evidence submitted by plaintiff, the question of the defendant's negligence was for the jury, and we are of opinion that the same was true of the alleged contributory negligence of the plaintiff. He admitted that he saw the fire almost immediately after it started, knew it was upon his land and made no effort to extinguish it. Upon these admissions he was adjudged guilty of con-

tributory negligence, but, when they are considered in connection with other portions of his testimony, it cannot be said that the only inference to be drawn from his failure to act is that he had failed to perform a duty which the law had imposed upon him. If minds can reasonably differ as to whether an imperative duty arises under given conditions, the question becomes one of fact for a jury, and not of law for a court. Whenever there is a substantial doubt as to the reasonable and natural inference to be drawn from undisputed facts, the inference is for a jury: McKee v. Bidwell, 74 Pa. 218; Crissey v. Hestonville, &c., Passenger Railway Co., 75 Pa. 83; Neslie v. Passenger Railway Company, 113 Pa. 300. This is the rule to be applied in the case at bar in determining whether a jury should have been permitted to pass upon the question of the plaintiff's contributory negligence. The fire started about three o'clock on the afternoon of Sunday, May 7, 1911. At that time the plaintiff was sitting on the porch of his house, situated about a mile and a quarter east of his timber land. He testified that, when he first saw the smoke a mile and a quarter west, he was not sure there was a fire. His reason for not going to the woods for the purpose of trying to extinguish the fire, when he discovered that it was not mere smoke that he saw, is thus given in his testimony: "When I saw this smoke rising up there I wasn't sure whether it was an engine standing there, or whether it was from a fire. I couldn't see the fire from where I was. When I saw the fire so that I was positive the woods were on fire there, then it was spread all over, and it would have been utterly useless for me to go there and try to put it out. The way it had scattered over the land it couldn't have been done. It was a mile and a half from my place, and it would have been utterly useless for me to have gone there and tried to put it out, because it had scattered so far." It appeared that several railroad hands went to the fire immediately after it started and tried to put it out, but, with their number

subsequently increased to a hundred or a hundred and fifty, they were unable to stay the burning. Nothing more need be said to show that a fair inference to be drawn from all the testimony submitted by the plaintiff is that his excuse for not proceeding to the fire and making an effort to extinguish it was a good one. This being so, the judgment is reversed with a procedendo.