# Edelman et al., Appellants, v. Connell.

*Negligence—Automobiles—Icy street—Speed — Children — Boy on sled—Right angle collision—Contributory negligence—Case for jury.*

1. In an action to recover damages for injuries to an eleven-year-old boy sustained by him in consequence of being struck by an automobile, where it appeared that he and several companions were coasting on a bobsled and collided with defendant's automobile, which was being driven along a street intersecting the one on which plaintiff was coasting, and that the street was icy and slippery and the evidence was conflicting as to the speed of defendant's car, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and a verdict and judgment for the defendant were sustained.

2. In such case the court properly charged the jury that "the measure of a child's standard for contributory negligence is his capacity to understand and avoid danger......The law as to negli-

gence of children is that they are required to exercise only that degree of care and caution which persons of like age, capacity and experience might be reasonably expected to naturally and ordinarily use in the same situation and under like circumstances......If you should find that the boy (plaintiff)......was not of sufficient intelligence and capacity to appreciate the danger and risks of his act......then and in that case he would not be guilty of contributory negligence......He was only required to exercise that degree of judgment, which boys of that age and of the same intelligence and observation would be required to exercise, under the same circumstances and conditions."

Argued Feb. 21, 1917. Appeal, No. 7, Jan. T., 1917, by plaintiffs, from judgment of C. P. Lackawanna Co., March T., 1914, No. 652, on verdict for defendant, in case of Louis Edelman by his next friend, George Edelman, and George Edelman v. James L. Connell. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAXWELL, P. J., specially presiding.

From the record it appeared that the street on which defendant was driving was in an icy and slippery condition. The evidence was conflicting as to the speed of defendant's automobile.

The opinion of the Supreme Court further states the facts.

Verdict for defendant and judgment thereon. Plaintiffs appealed.

*Errors assigned* were instructions to the jury.

*R. L. Levy* and *C. P. O'Malley,* with them *Leon M. Levy,* for appellants.

*Frank R. Stocker,* with him *C. H. Welles, Sr.,* and *David J. Reedy,* for appellee.

PER CURIAM, March 23, 1917:

The injuries for which compensation is sought in this action were sustained by a boy when he was eleven years and four months of age. With several companions he was coasting on a bobsled, which was struck by an automobile of defendant driven along a street intersecting the one down which the boys were sledding. The contention of appellant that the court below ought to have declared the defendant guilty of negligence as a matter of law, is utterly untenable. That was a question of fact to be determined from the oral testimony in the case, in the light of which learned counsel for appellee contended below and insist here that the trial judge would have been justified in directing a nonsuit or a verdict for defendant. Whether the verdict was in his favor for this reason, or on account of the contributory negligence of the boy, does not appear.

As to the standard by which the conduct of the boy was to be measured on the question of contributory negligence, the learned trial judge instructed the jury, inter alia, as follows: "The measure of a child's standard for contributory negligence is his capacity to understand and avoid danger . . . . . . The law as to negligence of children is that they are required to exercise only that degree of care and caution which persons of like age, capacity and experience might be reasonably expected to naturally and ordinarily use in the same situation and under like circumstances . . . . . . If you should find that the boy, Louis Edelman, although eleven years and four and a half months of age, was not of sufficient intelligence and capacity to appreciate the danger and risks of his act, in order to avoid the danger, then and in that case he would not be guilty of contributory negligence . . . . . . He was only required to exercise that degree of judgment, which boys of that age and of the same intelligence and observation would be required to exercise, under the same circumstances and conditions." These correct instructions are all the plaintiff could have asked for, and

they followed what we have repeatedly said: Kehler v. Schwenk, 144 Pa. 348; Di Meglio v. Philadelphia & Reading Railway Co., 252 Pa. 391; Gerg v. Penna. R. R. Co., 254 Pa. 316. The assignments of error need not be considered seriatim. It is sufficient to say that nothing is to be found in any one of them calling for a resubmission of the case to the jury.

Judgment affirmed.