## Carradus, Appellant, *v.* Pittsburgh Railways Company.

*Negligence—Street railways—Passenger alighting from—Damaged car—Case for jury.*

In an action for damages for personal injuries, it appeared that plaintiff was riding in a trolley car which collided with a motor truck. The front entrance and steps of the car were damaged and the passengers were ordered to leave the car and take one which was following, and transfer tickets were delivered to the passengers. As the plaintiff was alighting from the car, he stepped on an iron screw, which penetrated his foot to the depth of about an inch. To the screw was attached an iron bar or plate. The plaintiff being familiar with machinery, testified that the plate, and the screw to

which it was attached, was a part of the car. It was also established that pieces of the wrecked car were strewn along the side thereof.

*Held*, that it was a question for the jury whether the plate and screw on which the plaintiff stepped was a piece of the damaged car, and a verdict for the plaintiff will be sustained.

Where a measure of duty is not unvarying; where a higher degree of care is demanded under some circumstances than others; where both the duty and extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proven. Circumstances may beget duties which ordinarily cannot be implied, and when these circumstances are shown to exist, the question arising therefrom is not for the court, but for the jury.

If, through the negligence of the defendant's employee, the car on which the plaintiff was riding was so damaged that it could no longer be used, and the plaintiff was required to leave it to enable him to continue his journey, and in so doing, without fault on his part, came into contact with a broken piece of the car, the jury must determine whether, in the circumstances, there was a failure on the part of the defendant to properly safeguard its passengers.

Argued April 28, 1925.    Appeal No. 42, April T., 1925, by plaintiff from judgment of C. P. Allegheny County, October T., 1922, No. 485, in the case of Robert W. Carradus v. Pittsburgh Railways Company, in the Hands of Charles A. Fagan, W. D. George and S. L. Tone, Receivers. Before PORTER, HENDERSON, TREXLER, KELLER, LINN, and GAWTHROP, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $557.00. Subsequently the court made absolute rule for judgment non obstante veredicto and judgment entered for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Frank C. McGirr*, for appellant.

*Richard C. Long*, for appellee.

Opinion by Henderson, J., July 9, 1925:

The plaintiff was a passenger on an inbound car of the defendant company on Forbes Street. At a place near the intersection with Stephenson Street a collision occurred between the car and a motor truck, one of the effects of which was that the front entrance and steps of the street car were so "smashed in" that the car could not be further used on the trip. The conductor announced this fact to the passengers and informed them that they must get out of the car and take one behind that which they were leaving. Transfer tickets were delivered to the passengers. As the plaintiff placed one of his feet on the ground in getting down from the rear step an iron screw penetrated his foot to the depth of about an inch. To the screw was attached an iron bar or plate. This bar was described as being eleven or twelve inches long, about one and a half inches in width and about three-eighths of an inch in thickness; the screw protruding about one and a fourth inches through the plate. The plaintiff is a machinist and familiar with the construction of the steps of street cars, such as that on which he was riding. He testified that the plate came from the street car step; that it was a device used for strengthening the step as a brace or support. It was lying close to the place where the contact of the car with the truck occurred; the car having moved forward about its length immediately after the collision. The conductor and a passenger on the car pulled the screw out of the plaintiff's foot, and the conductor took it away with him. No examination was made by the conductor or motorman to ascertain the condition of the place where the passengers were directed to get off, nor was the stop made at a street crossing. The collision occurred at about 9:20 p. m. when there was a lack of light. The evidence offered in support of the action would have enabled a jury to find that the collision occurred because of the negligent control of the street car and no

testimony was produced by the defendant to contradict, explain or qualify the account of the occurrence as given by the plaintiff's witnesses.   Nothing appeared at the trial from which contributory negligence could be attributed to the plaintiff.   After a verdict in his favor, a judgment non obstante veredicto was entered in favor of the defendant on the ground that the injury was not chargeable to the defendant's negligence.   It was conceded by the learned trial judge that if as a result of the accident, wreckage was scattered along the side of the car or at the place where the car was brought to a standstill after the collision which rendered the place dangerous to departing passengers, liability might arise, but because the proofs did not show that broken or detached parts of the front of the car "were scattered along the side thereof or at the place where the car stopped and that there was nothing which indicated that it was dangerous to passengers to alight, the verdict could not be sustained."   In so concluding we think sufficient significance was not given to the fact that the front of the car was badly broken and that at the place where the impact occurred the metal plate was found which the evidence showed was a part of the steps of a street car.   On that evidence we think it was a question for the jury whether the plate on which the plaintiff stepped was a piece detached from the car.   The plaintiff testified directly that it was from that car, but conceding that he did not make sufficient examination of the front of the car to enable him to testify positively to that fact, there remains the evidence that such plates were used on the steps of street cars of the character of that on which the plaintiff was riding and that the front of the car was "smashed" by the collision and moved thereafter about a car length, the broken piece being about where the car and the truck came together.   In connection with that evidence should be taken into consideration the fact that the defendant having possession and con-

trol of the instrument which produced the plaintiff's injury failed to produce it or to show that it was not a part of the broken car. Negligence depends on the particular circumstances of the case. Where a measure of duty is not unvarying; where a higher degree of care is demanded under some circumstances than others; where both the duty and extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence and whether it has been proven: Crissey v. Hestonville Ry., 75 Pa. 83. To the same effect is Corbin v. Phila., 195 Pa. 461, where it was held that circumstances may beget duties which ordinarily cannot be implied and when these circumstances are shown to exist, the question arising therefrom is not for the court, but for the jury. We think it clear that if through the negligence of the defendant's employee the car was so damaged that it could no longer be used and the plaintiff was required to leave it to enable him to continue his journey and he left by direction of the conductor, and in so doing, without fault on his part, came in contact with a broken piece of the car, the jury should determine whether in the circumstances there was a failure on the part of the defendant to properly safeguard the passenger. It would be practically impossible for the plaintiff to prove by a demonstration that the metal on which he stepped came from the car, but he was not required to go to this length. He exhibited a state of facts from which the inference was reasonable and fair that the defendant's negligence was the cause of his hurt. If the defendant's negligence determined the stopping place of the car and made that an unsafe place at which to alight, a liability on the part of the defendant would arise. We regard the evidence as sufficient on the facts disclosed to support the verdict.

The judgment is therefore reversed and judgment is now entered in favor of the plaintiff.