## Reithof *v.* Pittsburgh Railways Company, Appellant.

Argued March 23, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*D. H. McConnell*, for appellant.

*John E. Evans, Jr.*, with him *Reuben Fingold* and *Evans, Ivory & Evans*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 11, 1949:

George Reithof, appellee, brought this action in trespass to recover for serious head injuries sustained when he was struck by a street car of Pittsburgh Railways Company, appellant. Trial before a jury resulted in a verdict for appellee in the sum of $17,000. Appellant filed a motion for a new trial, which was refused, and judgment was entered on the verdict.

The accident resulting in appellee's injuries occurred at the intersection of Grant Street, which runs north and south, and Fifth Avenue, which runs east and west, in the City of Pittsburgh. Fifth Avenue is thirty-six feet wide from curb to curb and appellant maintains thereon a double set of trolley tracks. According to three disinterested eyewitnesses, appellee was crossing Fifth Avenue from the northwest corner to the southwest corner of the intersection, on the crosswalk, and had proceeded to the southerly rail of the northernmost set of trolley tracks, when he was struck by appellant's westbound street car, which had crossed Grant Street against a red light, increasing its speed as it advanced. To contradict this, appellant introduced witnesses who testified that its street car crossed Grant Street with the green light and that appellee was struck when he stepped into the side of the street car from behind a bus standing in the southerly lane of Fifth Avenue, with its front wheels at the crosswalk. Because of his injuries, appellee suffers complete amnesia as to the details of the accident and was unable to testify as to the manner of its occurrence.

It is not contended that there was not evidence to warrant a verdict in appellee's favor or that the amount of the verdict was excessive. The sole question is whether the court below abused its discretion in refusing appellant's motion for a new trial on the grounds that the trial judge's charge was inadequate and that the verdict was against the weight of the evidence.

The argument against the charge is that the trial judge failed specifically to define the rights of a pedestrian at an authorized crossing as compared with his rights at an unauthorized crossing. Such argument is without merit. The trial judge carefully instructed the jury regarding the degree of care required of an operator between intersections as compared with the duty imposed on him at an intersection. The jury was instructed generally on the subjects of negligence and contributory negligence in language to which no exception is taken. In the opening part of the charge on contributory negligence, and again at the conclusion of the charge on liability, it was emphasized that irrespective of negligence on the part of appellant's motorman, appellee was required to exercise reasonable care for his own safety and that in the absence of such care there could be no recovery. Considering the charge as a whole, the issues were fairly presented to the jury. Unmistakably, the jury understood that appellee would not be entitled to recover if upon the conflicting evidence they accepted the version given by appellant's witnesses. Moreover, it would now be too late to complain of a mere inadequacy in the charge in view of appellant's silence when, at the conclusion of the charge, the trial judge asked if there was anything else counsel desired him to say. "Where, as here, no particular instructions are requested, the court is responsible for the general effect of the charge as a whole and is required to instruct as to matters of law that are fundamental to the case, but it is not responsible for a mere failure to elaborate gen-

eral principles." *Meholiff v. River Transit Co.,* 342 Pa. 394, 398, 20 A. 2d 762. See also *Reznor Mfg. Co. v. B. & L. E. R. R.,* 233 Pa. 369, 82 A. 473; *Medvidovich v. Schultz,* 309 Pa. 450, 453, 164 A. 338; *Konchar v. Cebular,* 333 Pa. 499, 3 A. 2d 913.

The weight of the evidence was clearly for the jury under proper instructions, which were given. It is well settled that a new trial will not ordinarily be granted on the ground that the verdict is against the weight of the evidence where the evidence is conflicting and the jury might have found for either party. In the present case, as stated by the court below, "the jury could have decided the case either way; but the testimony on the part of the plaintiff, if believed by the jury, was more than sufficient to sustain the verdict arrived at. On this feature of [appellant's] motion there is nothing involved except the credibility of witnesses, and that matter has been disposed of by the verdict of the jury."

Judgment affirmed.