## WILLIS v. AMERICAN BARGE LINE CO., Inc.

Civ. No. 6715.

United States District Court
W. D. Pennsylvania.

Oct. 17, 1949.

Hymen Schlesinger (of Schlesinger & Schlesinger, Pittsburgh, Pa., for plaintiff.

Lucian Y. Ray (of Leckie, McCreary, Schlitz & Hinslea), Cleveland, Ohio, Harold E. Harper (of Alter, Wright & Barron), Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action under the Jones Act in which H. E. Willis, Administrator of the Estate of James W. Hood, deceased, claims a right to recover against American Barge Line Company, Inc., as a result of the death of James W. Hood while employed by the defendant.

In proceedings of this nature all statutes of the United States modifying or extending the common law right of remedy in cases of personal injury to railway employees shall apply. 46 U.S.C.A. § 688.

The case was tried by the Court with a jury and a verdict returned in favor of the defendant and against the plaintiff. The matter now before the Court relates to a

motion for a new trial by the plaintiff. The main points submitted by the plaintiff in support of his motion are:

(1) That the Court should not have charged the jury on the question of contributory negligence.

(2) That the charge made by the Court on contributory negligence was not proper.

(3) That the Court failed to charge that the burden of proof was on the defendant to establish contributory negligence by the preponderance or weight of the evidence.

(4) That the Court failed to instruct the jury as to the deceased being presumed to be free from contributory negligence.

The defendant contends that (1) the court's failure to charge relative to the burden of proof in establishing contributory negligence on the part of the deceased, and (2) to charge that the deceased was presumed to be free of contributory negligence did not constitute prejudicial error for the following reasons:

(1) Counsel for the plaintiff was required, under the provisions of Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to object to the Court's failure to charge as to burden of proof of contributory negligence and to state "distinctly the matter to which he objects and the grounds of his objection." No such objection was made and, under the provisions of Rule 51, the failure to so charge may not be assigned to error.

(2) Even if Rule 51 were not controlling the error was not prejudicial. In actions under the Federal Employers' Liability Act, contributory negligence is not a complete defense, but goes only to diminution of the damages. The jury in returning a verdict in favor of the defendant obviously did not reach a point in their deliberations where the effect of contributory negligence need be considered, so the Court's failure to instruct them as to the burden of proving contributory negligence could not have affected the verdict.

No need exists to discuss the questions as to whether it was proper to charge on contributory negligence, or if the charge carried the appropriate rule of law. The defendant in its amended answer plead facts which raised the question of contributory negligence, and the charge given relative thereto was in accordance with existing law.

The question which, therefore, exists for determination is whether, after an examination of the entire record, I am able to say that the substantial rights of the plaintiff were prejudicially affected by the failure to charge the jury as to the deceased being presumed to be free of contributory negligence, and that the burden was on the defendant to establish contributory negligence by the preponderance or weight of the evidence.

■ It was unquestionably the duty of the Court to charge the jury that a presumption existed that the deceased was actually engaged in the performance of his duties and that he exercised due care for his own safety at the time of his death. Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 34, 64 S.Ct. 409, 88 L.Ed. 520; Looney v. Metropolitan Railroad Co., 200 U.S. 480, 488, 26 S.Ct. 303, 50 L.Ed. 564.

■ Where a defendant relies upon the defense of contributory negligence, the burden is upon the defendant to establish that defense by a preponderance of the evidence. Norfolk & Western Railroad Co. v. Earnest, 229 U.S. 114, 33 S.Ct. 654, 57 L.Ed. 1096.

■ I am well aware of the rule which provides that where a party might have obtained a correct charge by specifically calling attention of the trial court to error, and where part of a charge was correct, he may not through a general exception obtain a new trial. The purpose of said rule which requires objections to instructions to be taken before the jury retires is to prevent a party after a verdict from taking advantage of the giving of erroneous instructions to which he failed to call attention in time to enable the court to correct it. Palmer v. Miller, 8 Cir., 145 F.2d 926; Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; Hower v. Roberts, 8 Cir., 153 F.2d 726.

■ No particular instructions were requested by counsel for the plaintiff when an opportunity was given at the conclusion of

the charge relative to the burden of proof as to contributory negligence, and the presumption which exists that the deceased was free from contributory negligence. However, the Court must be aware that it is responsible for the general effect of the charge as a whole, and that a requirement exists to instruct the jury as to matters of law that are fundamental to the case. Reithof v. Pittsburgh Railways Co., 361 Pa. 489, 65 A.2d 346.

The right exists in the trial court to grant a new trial whenever, in its opinion, the justice in a particular case so requires, and in the exercise of my discretion it is believed that the circumstances in this proceeding justify such action. Marsh v. Illinois Central R. Co., 5 Cir., 175 F.2d 498.

In view of the foregoing, I believe that the trial was unsatisfactory and in the interests of justice a new trial should be granted. Sonson v. J. C. Penny Co., 361 Pa. 572, 65 A.2d 382.

An appropriate Order will be filed.