## Commonwealth v. Scaramella

*Edward C. Wink* and *J. Wendell Coblenz*, for Commonwealth.

*Stella Scaramella*, p. p., for defendant.

HESS, J., October 19, 1955.—Defendant, Stella Scaramella, was indicted, tried by a jury and convicted of the crime of being a common scold. She was represented at the trial by an able lawyer of her own choice. At the request of defendant, her counsel filed an ap-

plication for a new trial, listing the formal reasons that the verdict is contrary to the law, the evidence and the weight of the evidence. After filing the motion for new trial, counsel sought and was granted permission to withdraw as attorney for defendant. For more than two months defendant took no steps to procure counsel or to request that an attorney be assigned to represent her. Thereafter, at the direction of the district attorney the application for a new trial was ordered on the argument list for October 3, 1955, and notice of that action was given to defendant. At the argument defendant appeared in propria persona and presented oral argument.

Defendant contends that the evidence was not sufficient to warrant the jury in convicting her. She also alleges that she should receive a new trial because the court required her to stand trial at a time when she was ill and not ready to proceed. At the March 1955 sessions of criminal court the case was listed and continued upon application of defendant, accompanied by a certificate of a physician setting forth that her health might be harmed if she was at that time required to stand trial. The case was then listed again at the June 1955 sessions. Between March and June, defendant appeared as a plaintiff in the civil court and, apparently, suffered no ill effect from being in court several days during the trial. When the case was called at June sessions, defendant again presented an application for a continuance, assigning her health as the reason. The president judge appointed a competent physician to examine defendant, and the doctor reported that she could undergo a trial without danger to her health. The court then directed the sheriff to produce defendant.

The trial continued for three days and defendant did not manifest any real symptoms of illness. She testified at considerable length and on several occasions

while testifying and while seated with counsel it became necessary to caution her against comments made relative to testimony of other witnesses and the charge against her in general. Counsel represented defendant in an able and efficient manner and called several witnesses in her behalf. We conclude that the court, if anything, was overly indulgent toward defendant, and that there is no merit in her contention that she was required to go to trial while being physically incapacitated.

Seldom does a woman appear in our courts to answer the charge of being a common scold. In the past 10 years on only two occasions have such cases proceeded to trial and, unfortunately, on both occasions defendant was Stella Scaramella. Each trial resulted in the jury finding a verdict of guilty. In the instant proceeding the testimony presented a real question of fact for the jury, i.e., whether to believe the witnesses for the prosecution or defendant and her witnesses. The Commonwealth produced abundant testimony to the effect that defendant without provocation directed vile, insulting and obscene language toward various neighbors on many occasions. If this testimony is to be believed there can be no doubt that Stella Scaramella was in fact guilty of being a common scold. A conviction for being a common scold is supported by proof of conduct disturbing the peace of the neighborhood or injurious to morals and so frequent or habitual as to justify a reasonable expectation of its repetition at any time: Commonwealth v. Hamilton, 52 D. & C. 485. The evidence in the instant case indicated that defendant's objectionable conduct persisted over a period of at least one year.

Defendant, on the other hand, insisted that the testimony of the Commonwealth's witnesses was false and untrue. She contended that she was the subject of the abuse of her neighbors and was not herself guilty of

having uttered any of the insults and epithets which were attributed to her. Clearly the question of credibility of the witnesses and the matter of defendant's guilt or innocence was for the jury to decide. "A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion": Carroll v. Pittsburgh, 368 Pa. 436, 445. " 'On this feature of [appellant's] motion there is nothing involved except the credibility of witnesses, and that matter has been disposed of by the verdict of the jury' ": Reithof v. Pittsburgh Railways Co., 361 Pa. 489, 492. We conclude that the application for a new trial is without merit.

And now, to wit, October 19, 1955, the rule to show cause why a new trial should not be granted is discharged.