Zeman, Appellant, *v.* Canonsburg Borough.

Argued September 29, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Richard DiSalle,* for appellants.

*H. Gilmore Schmidt,* with him *John A. Townsend,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 15, 1966:

This was an action of trespass brought by a father in behalf of his minor son, of whom he was natural guardian, and in his own right. Plaintiffs claimed that the boy, who was then 11 years old, suffered injuries to his forehead when he was pushed into a swimming pool owned and operated by the defendant-appellee, the Borough of Canonsburg, in a proprietary capacity. The jury returned a verdict for the defendant, and plaintiffs' motion for a new trial was dismissed by the Court en banc. Plaintiffs appeal from the judgment which was entered on the verdict.

On June 26, 1956, the minor plaintiff purchased a ticket for admission to defendant's swimming pool. At about one-thirty in the afternoon, plaintiff was standing at the edge of the pool about three feet away from one of the five lifeguards who was sitting in a chair overlooking the pool. The lifeguard at the time was engaged in conversation with a girl. The minor plaintiff testified that at a point about 20 feet away, four boys about 18 years of age were grappling with a girl, apparently intent upon throwing her into the pool. Fearful that these older boys might throw him into the pool, plaintiff turned his back to them and faced the pool. Suddenly he was pushed into the pool by a hand which was placed on his back. Plaintiff did not know who pushed him into the water. Plaintiff testified that when he fell into the water his head struck another occupant of the pool and he suffered a skull concussion, requiring hospitalization.* However, his testimony also showed that he became a brilliant student.

Plaintiff contends that defendant was negligent in allowing rowdyism at the pool which resulted in some

---

* Defendant's doctor testified there was no connection between plaintiff's alleged headaches and nervousness and the accident.

rowdy boy pushing him into the water. Plaintiff also contends that the Court erred in failing to clarify the issues in this case in that it did not give the jury an adequate guide for the application of the law to the facts.

The trial Judge correctly instructed the jury that defendant was not an insurer but that it owed a duty of reasonable care under all the circumstances. At best for the plaintiff, the case was for the jury and, we repeat, the jury brought in a verdict for the defendant; and the lower Court, one of whom was the trial Judge who saw and heard the witnesses, unanimously dismissed plaintiffs' motion for a new trial.

It is hornbook law that (1) the plaintiff must prove by a fair preponderance of the evidence, that defendant was negligent and that its negligence was the proximate cause of plaintiff's injuries, and (2) negligence cannot be presumed from the mere happening of an accident or an injury: *Amon v. Shemaka*, 419 Pa. 314, 317, 214 A. 2d 238; *Steiner v. Pittsburgh Rwys. Co.*, 415 Pa. 549, 204 A. 2d 254; *Markle v. Robert Hall Clothes*, 411 Pa. 282, 284, 191 A. 2d 374; *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289. It is also the law that when a Court, at the end of its charge, asks counsel whether he desires any changes or corrections, the failure of counsel to object and except to any part or portion of the charge cannot be taken advantage of by a general exception, as here, unless the charge contained fundamental error: *Segriff v. Johnston*, 402 Pa. 109, 113, 166 A. 2d 496.

In *Segriff v. Johnston*, 402 Pa., supra, the Court said (page 113) : ". . . 'a party may not sit by silent, take his chances on a verdict, and, if it is adverse, then complain of matter which, if error, could have been eradicated during the trial if brought to the court's attention properly and timely. Keefer v. Byers [398 Pa. 447, 159 A. 2d 477]; Commonwealth v. Razmus, 210

Pa. 609, 611, 60 A. 264.' Bell v. Yellow Cab Co., 399 Pa. 332, 338-39, 160 A. 2d 437. 'A proper administration of justice requires that new trials be not granted on errors which counsel had ample opportunity to correct. It is only when errors are basic and fundamental and cannot be corrected at the trial that this Court will consider them under a general exception: Medvidovich v. Schultz, 309 Pa. 450; Whitton v. H. A. Gable Co., 331 Pa. 429.' McDonald v. Ferrebee, 366 Pa. 543, 547, 79 A. 2d 232."

The Court aptly said in *Koenig v. Flaherty*, 383 Pa. 187, 117 A. 2d 719 (pages 190-191) : ". . . Where, as here, no specific requests were made, and no specific exceptions taken to the charge, the court below will not be reversed except for fundamental error. Mere inadequacy is insufficient. A party may not remain silent and take his chances on a verdict and then, if it is adverse, complain of mere inadequacy which could have been corrected: Reznor Manufacturing Company v. Bessemer & Lake Erie Railroad Company, 233 Pa. 369, 82 A. 473; Meholiff v. River Transit Company, 342 Pa. 394, 20 A. 2d 762; Reithof v. Pittsburgh Railways Company, 361 Pa. 489, 65 A. 2d 346."

In *Izzi v. Phila. Transportation Co.*, 412 Pa. 559, 195 A. 2d 784, the Court said (page 561) : "It is equally well established that 'The grant or refusal of a new trial by the lower Court will not be reversed by this Court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case: F. C. Haab Co., Inc. v. Peltz Street Terminals, Inc., 407 Pa. 276, 278, 180 A. 2d 35; Bohner v. Eastern Express, Inc., 405 Pa., supra; Segriff v. Johnston, 402 Pa. 109, 114, 166 A. 2d 496': Menyo v. Sphar, 409 Pa. 223, 225, 186 A. 2d 9." Accord: *Sternberg v. Dixon*, 411 Pa. 543, 545, 192 A. 2d 359; *Enfield v. Stout*, 400 Pa. 6, 13-14, 161 A. 2d 22.

We find no fundamental error in the charge, or an abuse of discretion or an error of law by the lower Court.

Judgment affirmed.