# Pittsburgh & Western Railroad Company *versus* Patterson.

1. Market value, as a measure of damages for land taken or injured by a railroad company, cannot be ascertained by evidence of particular sales of other properties alleged to be situated similarly to the one in question. Such evidence would introduce collateral issues, and is not admissible in such a proceeding.

2. The adaptation of the property in question to any particular use to which it has been or may be applied, is a proper element to be considered by the jury in estimating its market value before and after the location of the railroad.

3. The jury cannot take into consideration any supposed loss to the plaintiff of profits in his business, by reason of the appropriation of his property by the railroad company.

| 107 | 461 |
|-----|-----|
| 115 | 331 |
| 107 | 461 |
| 135 | 30 |
| 107 | 461 |
| 140 | 522 |
| 107 | 461 |
| 159 | 105 |
| 107 | 461 |
| 177 | 261 |
| 107 | 461 |
| 190 | 57 |
| 190 | 455 |
| 107 | 461 |
| 192 | 652 |
| 107 | 461 |
| f215 | ³509 |
| 107 | 461 |
| f219 | ¹352 |

October 28th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county*: Of October and November Term, 1884, No. 40.

This case originated in a petition by Alexander Patterson, for the appointment of viewers to assess damages suffered by him by reason of the location by the Pittsburgh & Western Railroad Company of a right of way over his two lots of ground in Allegheny City, one used as a lumber yard, and the other as a river landing on the Ohio River.

Viewers were appointed, from whose report an appeal was taken and an issue framed.

On the trial, before EWING, P. J., counsel for defendant proposed to show, by the witness on the stand, J. J. Saint, (who had testified that he was familiar with market values in the vicinity of the lots in controversy), that about and since the date of the location of the railroad, sales of river fronts in the vicinity of the Patterson property have been made, each having landing and main land facilities equal to those of the Patterson landing, and the price at which said sales were

made. This in connection with other testimony in the case for the purpose of showing the market value of the Patterson landing, and like landings in the vicinity.

Plaintiff's counsel objects to the evidence of particular sales as incompetent, and to the offer generally as incompetent, and irrelevant.

PER CURIAM. We understand the Supreme Court to have ruled that particular sales and the prices at which they have been made cannot be given in evidence, and for that reason we sustain the objection. We will, however, allow the witness to testify that he has knowledge of particular sales in the neighborhood, and that he knows the prices, in order to show his knowledge of values, but not to give the prices at which the sales were made. He can simply testify to the fact that he knows of the sales and knows the prices. Exception.

Plaintiff asked the court to charge:

1. That while the true measure of damages in law is the difference between the market value of the property before and after the location of the railroad, yet the jury have a right to consider the *use* to which the property has been applied, and determine the amount of damage, if any, accordingly.

Answer. The first point is affirmed with this explanation: While the jury have a right to consider the *use* to which the property has been applied, and any improvements made thereon for that use as *one* of the means of arriving at the market value—both before and after the appropriation by the railroad company—they cannot take into consideration any supposed loss of profits to the plaintiff from his business; but in the end, the question for the jury comes back to the difference in the market values of the properties as a whole, before and after the appropriation of the right of way and construction of the road by defendant. Exception.

Verdict for plaintiff for $9,661.78, and judgment thereon. The defendant took writ of error, assigning for error, (1) the rejection of their offer of testimony; and (2) the answer to the plaintiff's point, as above.

*Marshall Brown*, for the plaintiff in error.—Sales of property, whether real or personal, fix the market value of similar property for the time being; all business men regard such sales as a test and criterion, and it seems against reason to exclude evidence of such sales in a legal proceeding, the very object of which is to ascertain market value as a measure of damages. Many authorities recognize the propriety of such evidence, subject only to proper qualifications of similarity in character and situation of the properties, and as to time of

[Railroad Co. v. Patterson.]

sale, etc. Our offer was fully up to the required standard in these particulars. Pierce on Railroads 224; Paine v. City of Boston. 4 Allen 168; Boston & Worcester R. R. v. Fall River R. R., 3 Allen 146; Benham v. Dunbar, 103 Mass. 365; Wyman v. Lexington &c. R. R., 13 Metcalf 326; Concord R. R. v. Greely, 23 N. H. 242; March v. Portsmouth & C. R. R., 19 N. H. 376; King v. Iowa Midland R. R., 34 Iowa 461; Rorer on Railroads 379.

A careful examination of the decisions in this state shows they are not in conflict with the above. In Searle v. Lackawanna R. R. Co., 9 Cas. 63, the court say : " The market value is measured by the price usually given for such land in the neighborhood." In R. R. Co. v. Hiester, 4 Wr. 53, and other cases, the testimony excluded was hearsay and vague, and for other reasons incompetent. As to the second error alleged, it has been expressly decided that market value of land is not to be measured by a particular use : Shenango & Allegheny R. R. Co. v. Braham, 29 P. F. S. 447. This is perfectly reasonable, for the construction of a railroad through the land might utterly destroy it for some purposes, and yet vastly increase its value for other purposes.

*J. M. Stoner* (*I. N. Patterson* with him), for the defendant in error, cited: R. R. Co. v. Hiester, 4 Wr. 53; R. R. Co. v. Rose, 24 P. F. S. 362; Hays v. Briggs, 24 P. F. S. 373; Vanderslice v. City, 7 Out. 102; R. R. Co. v. Robinson, 14 Nor. 426.

Mr. Justice CLARK delivered the opinion of the court, January 19th, 1885.

This is a proceeding by Alexander Patterson against the Pittsburgh & Western Railroad Company, for the assessment of damages for right of way under the general railroad law. The plaintiff is the owner, in fee, of two lots of ground in the sixth ward of the City of Allegheny, one used and occupied by him as a lumber yard, the other as a landing on the Ohio river. The line of the defendant's road having been located upon both of these lots, viewers were appointed as directed by law, to assess the damages, and from their report an appeal was taken. At the trial of this appeal the counsel for the defendant proposed to show by a witness on the stand : " That about and since the date of the location of the railroad, sales of river fronts in the vicinity of the Patterson property have been made, each having landing and mainland facilities equal to those of the Patterson landing, and the prices at which said sales were made; this in connection with other testimony in the case for the purpose of showing the value of the Pat-

terson landing and like landings in the vicinity." This offer
having been objected to was refused, and the refusal consti-
tutes the first assignment of error.

It is well settled by numerous decisions of this court, that
the proper measure of damages for lands taken for railroad
purposes is the difference between the market value of the
land before and after the appropriation of the right of way;
and it seems to be equally well settled under the law of this
state, that evidence of particular sales of alleged similar prop-
erties, under special circumstances, is inadmissible to establish
market value: Searle *v.* Lackawanna R. R. Co., 9 Casey 57;
Railroad Co. *v.* Hiester, 4 Wright 53; Railroad Co. *v.* Rose,
24 P. F. S. 362; Hays *v.* Briggs, 24 P. F. S. 373; Vanderslice
*v.* City of Philadelphia, 7 Out. 102. The cases cited deter-
mine the question here raised, so directly, that any ex-
tended discussion of it here would be a mere repetition of
what is there fully stated. The selling price of lands in the
neighborhood at the time, is undoubtedly a test of value, but
it is the general selling price, not the price paid for particular
property. . The location of the land, its uses and products,
and the general selling price in the vicinity are the *data* from
which a jury may determine the market value. The price
which, upon a consideration of the matters stated, the judg-
ment of well informed and reasonable men will approve is the
market value. A particular sale may be a sacrifice compelled
by necessity, or it may be the result of mere caprice or folly;
if it be given in evidence it raises an issue collateral to the
subject of inquiry, and these collateral issues are as numerous
as the sales. The offer was to show particular sales, made
about the time of the location of the railroad and since, of
properties alleged to possess similar qualities, and equal facili-
ties as landings; the consideration of each of such sales, there-
fore, involved necessarily not only the collateral issues already
stated, but also a comparison of these various properties, with
that in question, as well as with each other. Such a course
of examination must inevitably lead rather to the confusion
than to the enlightenment of the jury, on the single matter
for consideration. The introduction of evidence of particular
sales is therefore not allowable under our decisions to estab-
lish market value.

The use to which the property has been or may be applied
is proper for the consideration of the jury, in the estimate of
its value, its adaptation for any particular purpose may en-
hance its market value, but the court was certainly correct in
saying that the jury could not take into consideration any
supposed loss to the plaintiff, of profits in his business. Such
an assessment would be purely speculative, and a rule which

justified it would lead to most ruinous results. If the property, by reason of its location or otherwise is especially adapted to any particular use to which it is applied, if it is worth more for that particular use than for any other, its market value will be measured accordingly.

      We find no error in this record and the judgment is affirmed.