# Henkel, Appellant, *v.* Wabash Pittsburg Terminal Railroad Company.

*Railroads—Eminent domain—Damages—Market value—Evidence as to sales in the neighborhood.*

In a proceeding to assess damages for land taken by a railroad company under the right of eminent domain, where it appears that the opinions of the landowner's witnesses were based mainly if not exclusively on two sales of property in the immediate vicinity, the railroad company may show that the sales in question were made under special circumstances, and that the prices realized were greatly in excess of the market value, and were not a criterion thereof.

Argued Oct. 31, 1905.   Appeal, No. 130, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 52, on verdict for plaintiff in case of John Henkel v. The Wabash Pittsburg Terminal Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from report of viewers.   Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $66,300.   Plaintiff appealed.

*Errors assigned* were (1–4, 5) various rulings on evidence.

*R. B. Petty*, for appellant.—It has been uniformly held in this state that proof of particular sales is not admissible in chief in suits to determine the value of lands : East Pennsylvania R. R. Co. v. Hiester, 40 Pa. 53 ; Penna. & N. Y. R. R. Co. v. Bunnell, 81 Pa. 414 ; Pittsburg, etc., Ry. Co. v. Vance, 115

Pa. 325 ; P. & W. R. R. Co. v. McIntosh, 32 Pittsburg Legal
Journal, 258.

It has also been held that on cross-examination for the pur-
pose of testing his knowledge and the value of his opinion, a
witness may be asked about a particular sale : R. R. Co. v.
Hiester, 40 Pa. 53 ; Traut v. N. Y., Chicago & St. L. Ry. Co.,
1 Monaghan, 394.

The witness may then give his reasons for regarding or not
regarding such sale as a criterion of value, but the inquiry as
to particular sales can go no further.

*A. M. Neeper,* with him *W. M. Lindsay,* for appellee.

OPINION BY MR. JUSTICE FELL, January 2, 1906 :

This action was to recover the value of land taken by the
defendant company under the right of eminent domain for the
purpose of building a station. The specifications of error all
relate to the admission of testimony offered by the defendant.
The main ground of the appellant's complaint is that the de-
fendant was allowed to prove the circumstances attending the
sale of two properties in the immediate vicinity. The plaintiff's
counsel had called the attention of witnesses on both sides to
these sales, his own in their examination in chief, and on the
cross-examination of the defendant's witnesses he had shown
the prices paid. On the cross-examination of the plaintiff's
witnesses it appeared that one of them had based his opinion
of the value of the plaintiff's property entirely on one of these
sales, and that another witness had based his opinion mainly if
not exclusively on the two sales. The prices paid for these
properties thus became a standard of value of property in the
vicinity. The defendant's offer was not to show the prices
paid for these two properties but to prove by the purchasers
that the sales were made under special circumstances, and that
the prices were greatly in excess of the market values and were
not a criterion thereof.

It has been long established that the proper test of the value
of land taken under the right of eminent domain is its market
value, and that this value is not to be ascertained by proof of
particular sales but by the general selling price of land similarly
situated. While particular sales may not be proved as estab-

lishing a market value, the good faith of a witness and the accuracy and extent of his knowledge may be tested by questioning him as to particular sales, to ascertain whether he knew of and considered them in forming an opinion. These inquiries go directly to the value of the opinion expressed. We see no reason why a party against whose interest a witness has testified may not show that the opinion expressed is valueless as evidence because it is founded on a misapprehension of the facts, as that a supposed sale has never been made, or that the consideration named was fictitious, or that the sale had been without regard to the market value. This does not lead, as would the proof of particular sales, to the trial of collateral issues. It goes only to impair the value of an opinion which has become evidence in the case by showing that it is based on a misapprehension of the real facts.

The assignments of error are overruled and the judgment is affirmed.