# Neely v. Western Allegheny Railroad Company, Appellant.

*Railroads—Condemnation proceedings—Experts—Evidence.*

In a railroad condemnation case the test of value is not the price paid for a particular property, but the general selling price of land in the vicinity, and evidence of particular sales is not admissible to establish market value.

A witness may be asked as to the particular sales to ascertain whether he knew of and considered them in forming an opinion as to value, and it may be shown for the purpose of affecting the weight of the opinion he has given, that it is based on a misapprehension of the facts. But to show value by comparison with other lands or to attempt to weaken the testimony of a witness by showing that his opinion was not based on a proper comparison of properties is open to the same objection that excludes testimony as to particular sales.

Argued Oct. 23, 1907.    Appeal, No. 84, Oct. T., 1907, by defendant, from judgment of C. P. Butler Co., June T., 1905, No. 75, on verdict for plaintiff in case of Sarah C. Neely et al. v. Western Allegheny Railroad Company.    Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Issue to determine the value of land condemned for railroad purposes.    Before GALBREATH, P. J.

. Stewart Wilson, a witness for plaintiff, was asked on cross-examination the following question :

" Q. How much in the market was the Neely farm worth per acre more than the Fair farm before the railroad was constructed ? "

·Objected to as incompetent.

The Court : I think, gentlemen, we would not hear that ; in order to test his knowledge of values you might ask what it sold for, to test his knowledge of the fundamental basis upon which he must estimate the value of land.

Mr. Bowser : We object to the question as incompetent.

The Court : We think that the question of values is not to be ascertained by comparison with particular sales in the neighborhood and for that reason we will sustain the objection and seal a bill for defendant.    .Exception. [1]

" Q. Mr. Wilson, you have spoken about a Wimer sale made about three years ago ; what was the consideration by the acre of that sale ?    A. Fifty dollars an acre, I think.    Q. How far away from this property was that ?    A. It is down the creek a mile or two.    Q. Is it on the creek ?    A. Handy to it. Q. It don't touch the creek ?    A. I don't think it touches the creek.    Q. It is more valuable land than this ? "

Mr. Bowser : That is objected to ; you are going into a comparison again.

The Court : I think we will sustain the objection and seal a bill of exceptions.    The witness can be inquired of as to whether he knew, and, if so, what was the actual selling price of the farm now being inquired about, but we think it is not permissible to compare that farm or its value with the one in question, for the reason that it would open up an inquiry with which we have nothing to do in this case and would

lead to an interminable consideration of this case and the issues growing out of it. Exception. [2]

Verdict and judgment for plaintiff for $2,200. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*T. C. Campbell*, with him *J. Norman Martin*, for appellant. —Where a witness is called to give his opinion of the market value of land it is necessary first that he should be competent to give an opinion, and the preliminary question of competency is for the court below.

To be a witness competent to testify to market values the witness offered must show to the court upon this preliminary examination: (1) That he is familiar with the property in question, its area, its improvements, the uses to which it may be applied, its productive qualities, its environment, etc.; (2) the general selling price of land in the neighborhood at the time of condemnation: Michael v. Pipe Line Co., 159 Pa. 99; Friday v. Penna. R. R. Co., 204 Pa. 405; Reed v. R. R. Co., 210 Pa. 211; Davis v. Penna. R. R. Co., 215 Pa. 581; Brown v. Corey, 43 Pa. 495.

To show the prices at which other lands in the neighborhood were sold would not prove market values without a comparison between the land in question and the land which was sold, as to quality: Kellogg v. Krauser, 14 S. & R. 137; Henkel v. R. R. Co., 213 Pa. 485.

*S. F. Bowser*, with him *A. L. Bowser*, for appellees.—The general selling price of lands in the neighborhood cannot be shown by evidence of particular sales of alleged similar properties; such evidence would introduce collateral issues and is not admissible: Pittsburg & Western R. R. Co. v. Patterson, 107 Pa. 461; Curtin et al. v. Nittany Valley Ry. Co., 135 Pa. 20; Michael v. Crescent Pipe Line Co., 159 Pa. 99.

OPINION BY MR. JUSTICE FELL, January 6, 1908:

In an action to recover for injuries to a farm caused by the building of a railroad across it, the plaintiff's witnesses, called as experts, testified in chief as to the value of the farm before

the road was built.   On cross-examination they were asked to compare the value of the plaintiff's farm with the value of farms in the vicinity, of the sales of which they had testified they knew.   The sustaining of objections to this line of cross-examination gave rise to the only question involved in this appeal.

It is well settled by an unbroken line of decisions that the test of value in such a case is not the price paid for a particular property but the general selling price of land in the vicinity and that evidence of particular sales is not admissible to establish market value.   The reason for the rule is that particular sales may have been made without regard to the market value and that separate inquiries as to them and a comparison of the properties sold with the property in question and with each other would introduce collateral issues and tend to confuse rather than enlighten the jury : Railroad Co. v. Patterson, 107 Pa. 461.   A witness may be asked as to particular sales to ascertain whether he knew of and considered them in forming an opinion as to value, and it may be shown for the purpose of affecting the weight of the opinion he has given, that it is based on a misapprehension of the facts : Henkel v. Railroad Co., 213 Pa. 485.   But to show value by comparison with other lands or to attempt to weaken the testimony of a witness by showing that his opinion was not based on a proper comparison of properties is open to the same objection that excludes testimony as to particular sales.   As well stated by the learned trial judge, " Any inquiry of this nature must inevitably tend to divert the mind of the jury from the real issue and to substitute for it an issue resting on a comparison of different tracts of land with the land in question.   The result of such an inquiry, to be either adequate or fair, would involve the comparison of the land in question not alone with some one tract which had been sold in the neighborhood, but with all the tracts mentioned by the witnesses as having been sold in the neighborhood and of which they had knowledge.   This would not only introduce collateral issues as numerous as the sales testified to by the witnesses, but would lead to inquiries in most cases of this kind which would be almost interminable."

The judgment is affirmed.