## Serals, Appellant, *v.* West Chester Borough School District.

*Eminent domain—Condemnation of land—Values—Evidence— Cross-examination—Particular sale of land.*

1. The proper test of the value of land taken under the right of eminent domain is not to be ascertained by proof of particular sales, but by the general selling price of land similarly situated.

2. Where an expert called by an owner in condemnation proceedings, testifies in his examination in chief as to when a district had been built up, and this is the extent of his testimony, counsel will not be permitted in cross-examination to ask the witness whether he knew that lands in the district had sold for more than a specified sum per acre.

3. Such a question ignores the proper rule in the determination of land values.

4. Nor can such questions be sustained as an attempt to test the credibility of the witness, inasmuch as no testimony was given by the witness in his examination in chief which could be tested by the question asked him in cross-examination.

5. The refusal to strike out such a question would have allowed a personal statement of counsel, in the form of an inquiry on cross-examination, to go to the minds of the jury with all the meaning and importance of competent testimony properly produced, and would have tended to suggest to them a comparison in prices of land which they would be unable to make to determine the extent of credit they were to give to the witness.

Argued January 9, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 7, Jan. T., 1928, by plaintiff, from judgment of C. P. Chester Co., April T., 1926, No. 45, on verdict for plaintiff, in case of Evangeline M. Serals v. School District of the Borough of West Chester. Affirmed.

Appeal from award of jury of view. Before HAUSE, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,763. **Plain-**, tiff appealed.

*Error assigned* was ruling on testimony referred to in opinion of the Supreme Court, quoting bill of exceptions.

*W. S. Harris,* for appellant.

*Walter S. Talbot,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 30, 1928:

Plaintiff claimed compensation for 10.2 acres of land in the Borough of West Chester, appropriated by the school district of that municipality under its right of eminent domain, for public school purposes. From an award by viewers of $8,160, plaintiff appealed to the court below, and from a verdict of $12,762, for which amount judgment was entered, this appeal followed. But one assignment of error is presented, to the effect that the trial judge erred in directing that a question asked by appellant's counsel of a witness on cross-examination concerning his knowledge of a specific price obtained for land in the neighborhood, be stricken from the record. A very meager record before us discloses the following situation as to that assignment: Heald, a real estate agent and witness for defendant school district, was asked in direct examination by appellee's counsel, as to the period of time in which "property east of Gallow's Hill or Cottage Hill" had been built up, to which he replied "within five years." This constitutes the whole of his testimony in chief presented in the record before us. Immediately followed a cross-examination of the same witness by plaintiff's counsel, in the course of which no reference was made to the matter mentioned in the direct testimony, but the witness was asked concerning the location and prices of lots in Chatwood about one mile distant, followed by the prohibited

question: "Do you know that lands there sold for more than $2,000 an acre in the aggregate?" Upon motion of defendant's counsel, the question was stricken out by the court and an exception allowed.

We have frequently held that a question of that character in a trial to determine the value of land, taken under condemnation proceedings, is not proper cross-examination and the direction to strike it from the record was consequently not error. We said in Henkel v. Terminal R. R. Co., 213 Pa. 485: "It has been long established that the proper test of the value of land taken under the right of eminent domain is not to be ascertained by proof of particular sales, but by the general selling price of land similarly situated." In Pittsburgh, Va. & Ch. R. R. Co. v. Rose, 74 Pa. 362, we said: "The selling price of land in the neighborhood is undoubtedly a test of the value. But that is very different from the price paid for any particular property or properties. The true test is the opinion of witnesses in view of location, productiveness and the general selling price in the vicinity. Market value depends upon the judgment of the community, and a consideration of particular sales would lead to collateral issues as numerous as the sales."

Plainly the rule set forth in the foregoing cases was ignored in the progress of the present case. Whatever may have been the actual purpose of counsel in putting the question to the witness, if allowed to remain in the record for the attention and consideration of the jury, it undoubtedly would have served as a suggestion to them, and perhaps to no small extent been taken as a guide for the fixation of the selling price of the property here in suit. It is not proper under the guise of cross-examination to develop as affirmative evidence of value facts that neither party could have shown in chief: Schonhardt v. Penna. R. R. Co., 216 Pa. 224.

We fail to find from the record that an offer was made by counsel as to his purpose in asking the witness whether he knew land was sold at Chatwood for $2,000

an acre, but it is contended in appellant's brief of argument that the question was proper "in order to test the credibility of the witness." But what testimony was given in chief by the witness the credibility of which was tested by the questions and answers on his cross-examination? So far as the record discloses, nothing that he mentioned in his direct testimony was referred to in his cross-examination. We learn from a separate brief notation in appellant's record of the case that the witness gave an estimate or opinion of the value of the property, and presumably based it on selling values of land in the community; but certainly the character of the testimony as we have it before us was not productive of conclusive results in the effort to test the credibility of the witness. In fact, there was no proper or adequate effort to make that test. He was not asked, so far as the record shows, in cross-examination with reference to what he said in his direct testimony, yet it was that evidence which was to be tested, if any test was intended; and when appellant's counsel put to him the inquiry introducing a specific price alleged to have been paid for land in a somewhat distant neighborhood, such question was not only wholly without value as a test of his credibility, but was an entirely improper effort to have that information go to the jury on the basis of value alone and not as a test of the good faith or knowledge of the witness: Schonhardt v. Penna. R. R., supra. Where an expert states he bases his estimate of the value of the property affected upon prices obtained on sales of similarly located land in the same neighborhood, he may be cross-examined to test his good faith and the accuracy and extent of his knowledge as to all the conditions of these sales, including the prices; but, generally speaking, even on cross-examination, such witness cannot in the first instance be interrogated concerning the prices brought at sales not relied on by him in making his original estimate of value, although if he has relied on sales in the neighborhood, he may be asked, with-

out mention of prices, if he knew of other sales of properties similarly located, and whether he had considered them, and if not, why not: Girard Trust Co. v. Phila., 248 Pa. 179. As we note the record before us, we find that practically every aspect of the above cited rule was ignored in the course of the examination of this witness. In direct opposition to the rule, the witness was interrogated, on cross-examination in the first instance as to the actual price for which land was sold in a location not even referred to in his direct examination; and in this question, as framed by counsel, was embodied and mentioned the precise alleged selling price obtained at a particular sale of land, which sale and price, so far as the testimony discloses, were not relied upon by the witness in making his original estimate of value in his testimony in chief. In fact, the price stated in the question was not even drawn from the witness. It was placed there as his own statement by counsel who propounded the inquiry, and was an arbitrary attempt to get in evidence prices brought at sales other than those mentioned by the witness as the foundation for his valuation of the land in suit. A refusal by the learned court below to strike out the question would have allowed this personal statement of counsel, in the form of an inquiry on cross-examination, to go to the minds of the jury with all the meaning and importance of competent testimony properly produced, and would have tended to suggest to them a comparison in prices of land which they would be unable to make to determine the extent of credit they were to give to the witness: Roberts v. Phila., 239 Pa. 339.

Judgment is affirmed.