Felin, Appellant, *v.* Philadelphia.

Argued April 8, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Samuel I. Sacks*, with him *Sacks & Piwosky*, for appellant.

*Joseph H. Lieberman*, Solicitor for Board of Revision of Taxes, with him *Frank F. Truscott*, City Solicitor, and *Michael D. Hayes*, Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE DREW, May 27, 1946:

The Board of Revision of Taxes assessed appellant's acreage, at Dungan Road and Cottman Street, in the 35th Ward of the City of Philadelphia, at $30,800 for the year 1945. An appeal was sustained and the assessment reduced to $30,000. Exceptions were dismissed, and from the order of the court below confirming the action of the learned trial judge this appeal was taken.

Appellant contends the court erred when on direct examination, after plaintiff's expert had testified that in determining the value of plaintiff's property he had given weight to the sale of another property of approximately the same size in the immediate neighborhood in April, 1944 (which was six months prior to the assessment), it refused to allow the witness to state the sale price of that property.

It was not error to refuse to admit such testimony. The trial judge correctly stated the settled law of this Commonwealth as follows: ". . . it is not competent to prove by an expert witness the prices paid for other properties in the immediate neighborhood on direct ex-

amination, but he may be asked to state such prices, for the purpose of testing his credibility, good faith, and the accuracy and extent of his knowledge, on cross-examination, and interrogated thereabout, when the cross-examination opens the door, upon redirect examination. Brown v. City of Scranton, 231 Pa. 593, 603-604; Girard Trust Co. v. Phila., 248 Pa. 179, 182-183; Penna. Co. for Ins. on Lives, etc., v. Phila., 268 Pa. 559, 562-564; McSorley v. Avalon Boro. School Dist., 291 Pa. 252, 255-256; Serals v. School District, 292 Pa. 134, 135-138; Bridgman Realty Corp. v. Phila., 317 Pa. 449, 452." The reason for the rule is that to allow such testimony on direct examination would lead to the investigation of collateral issues as numerous as the sales.

Appellant's only other contention is that the assessment, as reduced by the court below, is against the weight of the evidence. He argues that it was error for that court to find the market value of the property to be $30,000, when his real estate expert testified it was but $18,600, and the expert for the City of Philadelphia, appellee, stated it was $35,000.

We said in *Chatfield v. Board of Rev. of Taxes*, 346 Pa. 159, 161, 29 A. 2d 685: "It is well settled in this Commonwealth that in this type of case the weight of the evidence is before this Court: *Westbury Apartments, Inc., Appeal*, 314 Pa. 130; *Rockhill I. & C. Co. v. Fulton County*, 204 Pa. 44; *Jursics' Appeal*, 149 Pa. Superior Ct. 523. However, the findings of fact of the court below have great weight, and we will not set them aside unless, of course, clear error is made to appear: *American Academy of Music Appeal*, 321 Pa. 433". See also *Vollmer v. Philadelphia*, 350 Pa. 223, 38 A. 2d 266. There is no requirement that the trial judge should average the experts' figures, where, as here, there are widely varying opinions. The Court must, however, take into consideration the testimony of the experts for both sides, in determining the market value of the property: *222 S. Nineteenth St. Corporation Appeal*, 314 Pa. 132, 170

A. 266. There is nothing to indicate this was not done in this case. In addition the trial judge had the advantage of his personal inspection of the property.

We do not find anything in the record which would justify our disturbing the conclusion of the court below that the fair market value of the property was $30,000.

Order affirmed.