## Frontage, Inc., Appellant, *v.* Allegheny County.

Argued October 10, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Alexander Unkovic,* with him *William G. Boyle,* and *Kountz, Fry and Meyer,* for appellant.

*Francis A. Barry,* First Assistant County Solicitor, with him *Maurice Louik,* County Solicitor, for County of Allegheny, appellee.

OPINION BY MR. JUSTICE EAGEN, December 3, 1963:

This is a land condemnation case wherein the property owner appeals from the judgment below, alleging that the award was inadequate and that certain trial errors influenced the jury's verdict.

The issue has been tried in common pleas three times, and on two previous occasions, this Court directed retrial. See, 400 Pa. 249, 162 A. 2d 1 (1960), and 408 Pa. 165, 182 A. 2d 519 (1962).

The land involved, consisting of 8.859 acres, was condemned by the County of Allegheny for the purpose of establishing air navigation and terminal facilities, in connection with the Greater Pittsburgh Airport. Viewers awarded the appellant $13,150, including detention compensation. The jury, at the trial now under review, awarded $12,240, including $9000 for the value of the land taken, and detention money in the sum of $3240.

The characteristics of the land are adequately described in the opinion of this Court reported in 408 Pa. 165, supra, and need not be repeated here.

At trial, the expert testimony as to the fair market value of the land was in sharp disagreement. It varied between the sums of $7500 and $58,000. Unquestionably, there was sufficient competent testimony to justify the amount awarded by the jury.

The credibility of the oral testimony, under such circumstances, was for the jury to appraise: *Springer v. Allegheny Co.,* 401 Pa. 557, 165 A. 2d 383 (1960). The discrepancy therein was for the fact-finding body to resolve: *Chiorazzi v. Commonwealth,* 411 Pa. 397, 192 A. 2d 400 (1963). In view of all the testimony in the record, we cannot say that the verdict was inadequate or against the weight of the evidence. Neither can we find any abuse of discretion in the refusal of the lower court to grant a new trial on this basis. Where the trial court refuses a new trial on the ground of inadequacy, we will not interfere with its action in the absence of a gross abuse of discretion: *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A. 2d 816 (1953).

Appellant complains that the trial court erroneously permitted cross-examination of one of its expert wit-

nesses concerning the selling price of two other properties in the same neighborhood as the land involved. A reading of the record manifests the examination was proper.

On direct examination, that particular witness stated that he was familiar with all of the sales that had recently taken place in the relevant area. He specifically mentioned his familiarity with the sales of the properties about which he was cross-examined. He further stated that in making his appraisal he took into consideration the sales that he had previously mentioned with the exception of two, neither of which were the sales now involved. The only reasonable conclusion, from a reading of his entire testimony, is that he was influenced, in his opinion as to valuation, by the sales involved. This being so, it was within the right of the cross-examiner to ask him what prices these properties sold for. The trial court excluded any interrogation as to the sales he said he did not consider in fixing the value.

Generally, the purchase or selling price of neighboring sales is not relevant and may not be inquired into: *Serals v. W. Chester Boro. S. Dist.*, 292 Pa. 134, 140 A. 632 (1928); *Chiorazzi v. Commonwealth*, supra. However, where it appears that an expert witness in fixing his estimate of value is aided by, or relies upon, prices paid for properties similarly situated, he may properly be cross-examined as to the prices paid for such similar properties, to test his good faith, credibility, accuracy and competency. See, *Pa. Co. for Ins. on Lives v. Phila.*, 268 Pa. 559, 112 A. 76 (1920); *Felin v. Philadelphia*, 354 Pa. 317, 47 A. 2d 227 (1946); *Berkley v. Jeannette*, 373 Pa. 376, 96 A. 2d 118 (1953).

Lastly, appellant argues that an extraneous and volunteered remark during the testimony of one of the expert witnesses for the condemnor, although stricken from the record, was so inflammatory and prejudicial as to preclude a fair trial.

The statement was not so serious as appellant urges, and in no way tended to inflame the minds of the jurors. Further, we are convinced that the trial court's instructions to the jury to completely disregard the objectionable statement were sufficiently adequate to prevent it from influencing their decision. See, *McJunkin v. Kiner,* 157 Pa. Superior Ct. 578, 43 A. 2d 608 (1945) ; *Keefer v. Lombardi,* 376 Pa. 367, 102 A. 2d 695 (1954). "It is well settled that the discretion of the trial judge to decide whether a juror should be withdrawn is broad." *McClintock v. Pittsburgh Railways Co.,* 371 Pa. 540, 545, 92 A. 2d 185 (1952.). No abuse of discretion is evident.

Judgment affirmed.

Mr. Justice COHEN concurs in the result.