Opinion by
Watkins, J.,
This is an appeal from the judgment of the Court of Common Pleas of Montgomery County entered on a verdict in a trespass action in favor of Elsie Fay Corl, the appellant-plaintiff, and against Wiley F. Corl, Jr. and Phyllis H. Corl, his wife, the defendant-appellees, in the sum of Fifteen Hundred Dollars ($1,500.00); and from the refusal of a new trial.
The action was brought by the plaintiff against her defendant-son and his wife. It arises out of an accident which occurred on premises owned by the son. On February 28, 1965, the plaintiff fell on a flagstone walk, built by the son, that had been partially undermined by him several days prior to the accident. She alleged that as a result of the fall, she sustained certain injuries including a herniated disc. The jury returned a verdict of Fifteen Hundred Dollars ($1,-500.00).
At the time of the accident, the plaintiff, age 74, was a luncheon guest of her son. While walking on a flagstone walk leading to the rear door of his home, she *154 fell and “skinned both knees”. Ten to twelve days later she consulted a doctor and on March 15 was admitted to the hospital, discharged, April 3, 1965 and readmitted, May 8, 1965 and discharged, May 21, 1965. While in the hospital, she had undergone what is commonly known as a disc operation. During the summer of that year, she went to Europe and spent the better part of a month on a bus tour of Russia. The following October, she was in the hospital with another disc operation.
The plaintiff complains of the testimony of a Dr. Martin Blaker in that his opinion should have been excluded because he assumed in answer to a hypothetical question facts not supported by the record and based upon hospital records not in evidence.
In the hypothetical question answered by Dr. Blaker, he was asked to assume that the back pains commenced immediately after the fall. He then testified that in his opinion there was causal connection. He was then asked to assume that the back pains did not commence until approximately ten to twelve days after the fall. His answer was under such a state of facts there would be no causal connection.
The opinion medical testimony of the plaintiff was to the effeet that her injuries were caused by the fall. The plaintiff vigorously contends that the above question was improper in that there was no substantive evidence that the plaintiff was free of pain for a period of ten to twelve days.
There was a conflict between what the plaintiff said in her deposition and her letter to the insurance adjuster and what she testified to at the trial. The deposition and the letter were not put in as part of the record but were used during cross-examination by the defendant. The court below said: “While we agree with plaintiff’s counsel that the better procedure would have been for defense counsel to offer the deposition *155 and letter into evidence, we cannot agree that the failure to do so rendered Dr. Blaker’s testimony inadmissible or that this omission was so prejudicial to the plaintiff that a new trial must be granted. We view the error as one of form not substance. There can be no doubt that the deposition was admissible. This being so, it is difficult to see how plaintiff was prejudiced by defendant’s failure to introduce it. Indeed, it seems far more likely that this defect in trial technique actually aided the plaintiff’s case. A new trial is a costly time consuming process which should be avoided except in clear cases of prejudicial error: Auerbach v. Philadelphia Transportation Company, 421 Pa. 594 (1966). As we have pointed out, the information contained in the deposition and the letter was before the jury. Hypothetical questions must be based on facts warranted by the evidence: DeFrank v. Sullivan Trail Coal Company, 425 Pa. 512 (1967). The plaintiff’s responses on cross-examination, when confronted with her earlier statements, are on the record and we think a hypothetical question based thereon was proper. The cases relied upon by the plaintiff are inapposite: in those cases the matters contained in the depositions, which were never introduced in evidence, were not before the jury in any form. That is not the case here.”
The plaintiff also contends that Dr. Blaker’s testimony should not have been admitted because it was based in part on hospital records not introduced into evidence. We agree with the manner in which the court below disposed of this contention: “We find no merit in this contention because two of the plaintiff’s own medical experts had testified earlier that the opinions they expressed were based in part upon those very same records.”
The complaint concerning the testimony of Hugh O’Neill, an attorney associated with defense counsel, as to physical facts is without merit. The court below *156 pointed out that it is not good practice for a member of the same firm to so testify, but all he testified to were certain measurements relative to the spacing of the stones in the walk and the authenticity of a photograph which had already been authenticated by the plaintiffs son as being essentially the same photograph as the exhibit in evidence. If the two pictures were essentially the same as the record shows, and the purpose of O’Neill’s testimony was to authenticate one of them, it is difficult to find the prejudice to the plaintiff. As the court below pointed out: “It would have been better form to have someone else take the measurements and authenticate the picture”, but the court below further pointed out that it was not such a serious departure from normal trial tactics as to warrant a new trial.
The plaintiff also complains of the refusal of the court below to permit a construction expert to express an opinion of the standard of care required to construct a flagstone walk. The court’s comment is a helpful and practical answer to this complaint: “A flagstone walk is a familiar enough sight to the average person that there is no need for expert testimony to explain its construction and maintenance. Especially is this so when the particular act alleged to be negligent was the partial undermining of the walk. Laymen are as competent to judge the consequences of such conduct as any expert. On this crucial aspect of the case expert testimony would be useless.”
The most serious complaint in this appeal is the inadequacy of the verdict. The out-of-pocket expenses in this case was alleged to be $4,190.00, while the verdict was $1,500.00.
“Where a new trial motion is predicated on an allegedly inadequate verdict the issue is peculiarly within the competence of the trial court, and the discre *157 tion vested in that court is considerable.” Wilson v. Nelson, 437 Pa. 254, 256, 258 A. 2d 657 (1969). The court en banc in this case was composed of experienced members of the Judiciary, Davis, P. J., specially presiding, who tried the case, Ditter, Jr. J., and Honeyman, J.
The court’s position is clear that an examination of the record raises doubts as to liability and causation. The jury is also confronted with a family suit, mother against son. As the court stated:
“If liability and causation were clear, we would grant a new trial. However, such is not the case. Defendant’s liability if not doubtful at best was a jury question as was the plaintiff’s contributory negligence.
“The evidence, expert and otherwise, was conflicting as to the cause of the condition requiring medical and hospital care.
“In our opinion the record in this case was such that a compromise verdict could be expected.
“Elza v. Chovan, 396 Pa. 112 (1959).
“There is no magic in amounts but only in the circumstances, and compromise verdicts are both expected and allowed: Kareesky v. Laria, 382 Pa. 227, 114 A. 2d 150 (1955). The compromise may arise out of damages or negligence or the balance of evidence concerning either or both, and the grant of a new trial may be an injustice to the defendant rather than an act of justice to the plaintiff: Patterson v. Palley Mfg. Co., 360 Pa. 259, 61 A. 2d 861 (1948).
“The case was well tried by able and seasoned counsel; the jury gave it consideration for five hours and the result does not shock our conscience.”
Judgment affirmed.