**Laird, Jr. v. Loreno**

*George Hardy Rowley*, for plaintiff.
*John R. Gavin*, for defendants.

STRANAHAN, P. J., March 18, 1974.—The court has before it a motion for a new trial made by plaintiff as the result of a verdict in his favor returned by the jury during the trial of this case. The verdict was in the sum of $1,054.59.

At the time the verdict was returned by the jury, the foreman read from a verdict slip and had itemized the verdict ·indicating that the jury was awarding sums of money for lost wages, plus interest and a separate sum for the loss of a ring making a total of $1,054.59. There was no award for either medical expenses or for pain and suffering. The court advised the jury that the verdict should be in a lump sum and therefore the verdict was not in the proper form. To this, the

foreman inquired of the court: "I mean can we still use the same amount, just the total?" To this, the court replied: "If that is what your verdict is."

The jury then returned to the jury room and returned a lump sum verdict in the amount of $1,054.59. Unfortunately, contrary to the court's instruction, the jury destroyed the original verdict slip and used a second verdict slip provided by the court upon which the lump sum verdict was indicated.

There is no dispute between the parties here as to what happened.

The following day, one of the members of the jury came to the trial judge's chambers and advised him she was quite upset by the verdict that had been returned because one of the jurors had indicated that, since plaintiff had been employed by the Bessemer and Lake Erie Railroad, he would have railroad retirement sickness benefits and that his medical expenses would be covered by insurance and, therefore, no award was made for these two items because the jury felt that these sums would be reimbursed to plaintiff through his retirement benefits and insurance coverage.

This case has an unusual factual situation in that plaintiff lived in a somewhat rural area of Mercer County and returned home one day and found a heifer in his garden. Plaintiff was not skilled in handling of heifers but was sufficiently annoyed by this intrusion that he obtained a rope from his car and looped one end around the heifer's neck. As he was securing the other end to a tree in order to detain the animal until the rightful owners could be notified, the heifer unexpectedly lunged and crushed plaintiff's hand between the rope and tree. Upon being taken to the hospital, it was determined that the injury to his hand was a

fracture dislocation of the proximal phalanx of the fifth finger, with a burn-like avulsion of the skin of the dorsum of the hand and several small lacerations.

Plaintiff was in the hospital for eight days and was off work from October 2, 1970, through December 4, 1970. His provable amount of out-of-pocket expenses, which were not contested at the time of trial, amounted to $1,151.60 in loss of wages for normal work and an estimated $652.96 in overtime. Medical and doctor expenses were incurred in the amount of $90 for Dr. Ryan and $391.05 at the Greenville Hospital and $7.50 for x-rays. Defendant also had his wedding ring cut from his finger as a result of the injury and he valued this at $20.

Plaintiff produced medical testimony that indicated his fracture had not healed properly and was unable to fully close his little finger and that arthritis was developing in the hand. Plaintiff himself testified he had difficulty in his work and engaging in other activities because of the condition of his hand.

The court charged the jury in accordance with section 504 of the Restatement, Torts, and indicated to the jury that neither negligence nor contributory negligence was an issue in the case and liability rested solely on whether or not the heifer's trespassing was a proximate cause of plaintiff's injuries.

No objection was made by either counsel to the court's charge to the jury as it concerned liability, nor is there any argument made in the motion for new trial that the court erred in instructing the jury as to the law in regard to liability.

Plaintiff contends that the verdict is inadequate in that it fails to award him anything for hospital and medical bills nor does it make an allowance for pain and suffering or any future disability he might have. He contends that the initial verdict, as indicated by the jury, shows that the jury excluded from its verdict

any medical expenses or pain and suffering, and while the court refused to accept this verdict and sent the jury back to return another verdict, the second verdict was in the exact amount of the first verdict which plaintiff argues is indicative of the fact that the jury merely totaled the itemized award set forth in the first verdict slip. This position is corroborated by the colloquy that took place between the foreman of the jury and the trial judge and is further supported by the statement of the juror to the trial judge the following day that the jury had purposefully excluded elements of damages because it believed plaintiff would receive money from other sources.

Defendant argues that this court should not set aside the verdict because it is a compromise verdict. We recognize the law as far as it concerns compromise verdicts in that the courts of Pennsylvania have long recognized the fact that there are situations where compromise verdicts are justified and will be acceptable by the courts: Elza v. Chovan, 396 Pa. 112; Karcesky v. Laria, 382 Pa. 227. We must recognize, however, that there are some cases where there actually is nothing to compromise and, therefore, the rule of compromise verdict is not applicable.

We think the present case falls in that category, since the liability of defendant was submitted to the jury, but in this court's opinion, the factual situation as developed in this case supported liability very strongly, and had the jury failed to find liability on the part of defendant, Mark Loreno, this court would have been shocked.

This court has seldom granted a new trial because of alleged inadequacy of a verdict, but we do feel the situation here warrants such action on our part.

In Wilson v. Nelson, 437 Pa. 254, at page 256, the court states:

"Where a new trial motion is predicated on an

allegedly inadequate verdict the issue is peculiarly within the competence of the trial court, and the discretion vested in that court is considerable."

We believe that it would be very unfair for this court to let the present verdict stand, since it is obviously inadequate. For this reason, we must grant a new trial.

### ORDER

And now, March 18, 1974, plaintiff is granted the motion for new trial. Exceptions are granted to defendants from the order of this court.